IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:08CR427 |
| ) | |
| v. ) | |
| ) | |
| ROYAL J. JACKSON, ) | MEMORANDUM AND ORDER |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's objections, Filing No. 38, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 37, denying the defendant's motion to suppress statements, Filing No. 25.  The defendant is charged in Count I of the Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and in Count II with forfeiture of the weapon referred to in Count I in violation of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  Filing No. 1, Indictment.

Under 28 U.S.C. § 636(b)(1), the court makes a de novo determination of those portions of the report and recommendation to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003).  The court has conducted a de novo review of the record, including the transcript of the suppression hearing,  Filing No. 36, and the relevant law.[1]  The court agrees with the magistrate judge's recitation of the facts and application of the law and will only briefly summarize them in this memorandum and order.  The  court overrules the defendant's objections to the R&R, denies defendant's motion to suppress, and adopts the report and recommendation of the magistrate judge in its entirety.

---

[1]There are no exhibits in this case.

On or about October 1, 2008, at 3:30 a.m., Omaha Police Officer Patrick Acquazzino exited a neighborhood and noticed a Chevy Caprice without license plates traveling westbound on Blondo Street.  Officer Acquazzino pulled the vehicle over, walked to the front of the car, asked for identifying information for both the driver and for the vehicle, and  smelled marijuana.  He then returned to his vehicle and called for back-up. Two cruiser officers responded.  The officers approached the vehicles.  Officer Acquazzino told Jackson that he smelled marijuana.  Jackson indicated that he did not have any marijuana or other contraband in his car, but he might have been around others who smoked marijuana that day.  The officers attempted to remove both the driver and passenger from the vehicle. The passenger exited willingly, but the defendant did not.  The officers forcibly removed the defendant and placed him in handcuffs.  One of the officers then searched the vehicle and found a cigarette box with what appeared to be cocaine, and the officer also found a loaded silver gun between the driver's and passenger's seats with a white rag draped over it.[2]

The only real issue before the court is the legality of the traffic stop.  It is uncontested that defendant's car did not have license plates.  Nebraska requires all vehicles operated on any street to display license plates.  Neb. Rev. Stat. §§ 60-301 to

---

[2] Following the filing of defendant's objections in this case, the United States Supreme Court decided a case finding the following: "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." *Arizona v. Gant,* — U.S.—, 2009 WL 1045962 *11 (April 21, 2009)* (2009). The court also stated that a search is permissible if there exists probable cause to believe the vehicle contains evidence of criminal activity, citing *United States v. Ross,* 456 U.S. 798, 820-21 (1982). *Id*. at 9. In the case before this court, the stop for failure to have appropriate license plates would no longer permit a search of the vehicle once the passengers were safely secured. However, in this particular case, the officer smelled marijuana on the person in the vehicle. The court finds the smell of marijuana gave the police officers probable cause to believe the vehicle contained evidence of criminal activity, so as to permit the search.  *Ross,* 456 U.S. at 820-21.  Accordingly, this court determines that *Gant* does not change the outcome of this case.

60-3,221. An exception to this law is when appropriate "in-transit" stickers are on both the front and back windows of the vehicle. Neb. Rev. Stat. § 60-376. Officer Acquazzino testified that he pulled the defendant over because the vehicle did not have license plates. At some point, and the record does not reflect when, Officer Acquazzino realized the vehicle had an in-transit sticker in the back of the car but not in the front of the car.[3] Again, counsel asked no questions in this regard. In any event, the magistrate judge credited Officer Acquazzino's testimony that he reasonably believed the defendant had committed a traffic violation for failure to have license plates on his vehicle. The court agrees with the magistrate judge that Officer Acquazzino had an objective basis for the stop. *See [United States v. Hererra-Gonzalez](), 474 F.3d 1105, 1109 (8th Cir. 2007)* (officer's stop must be objectively reasonable, even if officer mistaken that a traffic violation occurred); *[United States v. Andrews](), 465 F.3d 346, 347 (8th Cir. 2006)* (must have objectively reasonable basis for the stop). Further, the testimony of Officer Acquazzino is that there existed one in-transit sticker in the back of the vehicle, and that evidence is not disputed. That is likewise a violation of Nebraska law. *See, e.g., [State v. Reiter](), 524 N.W.2d 575, 577-78 (Neb. App. 1994)* (stop is reasonable where in-transit sticker obscured by darkly tinted windows). The court agrees with the magistrate judge and concludes that Officer Acquazzino had an objectively reasonable belief that a traffic violation occurred.

---

[3] In his objection defendant argues that this court should allow a supplemental hearing to determine if the vehicle did in fact have legal in-transits on both the front and back of the vehicle. Neither counsel for the government nor the defense inquired about the locations of the in-transit(s) stickers at the suppression hearing. However, even if in-transits existed on both the front and back of the vehicle, the court still concludes that the test is whether the officer had a reasonable basis for stopping the vehicle. In this case, the magistrate judge credited the testimony of Officer Acquazzino and this court adopts his finding. Consequently, there is no basis for reopening the suppression hearing. However, the court notes that failure to fully develop the record in this regard in the future could under some circumstances seriously undermine the government's case.

The defendant did not object to the remainder of the report and recommendation of the magistrate judge relating to the marijuana and subsequent search of the vehicle. The court has carefully reviewed the record and finds the magistrate judge is correct in his findings of fact and application of law. The smell of marijuana is sufficient to give the officers probable cause to search the vehicle. *United States v. Peltier,* 217 F.3d 608, 610 (8th Cir. 2000). Accordingly, the court will adopt the report and recommendation in its entirety.

IT IS ORDERED.

1.   Defendant's motion to suppress, Filing No. 25, is denied.

2.   Defendant's objection to the report and recommendation, Filing No. 38, is overruled.

3.   The report and recommendation of the magistrate judge, Filing No. 37, is adopted in its entirety.

DATED this 11th day of May, 2009.

BY THE COURT:


s/ Joseph F. Bataillon
Chief District Judge